UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21 CR 572 HEA |
| | ) | |
| DARRIN G. WINTERBERG, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.      PARTIES:**

The parties are the defendant DARRIN G. WINTERBERG, represented by defense

counsel J. Martin Hadican, and the United States of America (hereinafter "Government"),

represented by the Office of the United States Attorney for the Eastern District of Missouri. This

agreement does not, and is not intended to, bind any governmental office or agency other than

the United States Attorney for the Eastern District of Missouri. The Court is neither a party to

nor bound by this agreement.

**2.      GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to Counts I, II, III, and IV of the Indictment the Government

also agrees that no further federal prosecution will be brought in this District relative to the

defendant's possession of child pornography from December 1, 2013, to March 19, 2014, of

which the Government is aware at this time; and October 1, 2019, to July 2, 2020, of which the

Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties also recommend to the Court that it grant a two-level downward variance. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request..

The defendant agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), and the defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to:

a.   black 32 GB thumb drive;

b.   green Lexar 64GB thumb drive;

c.   purple 16 GB Lexar thumb drive;

d.   512GB PNY thumb drive;

e.   two Western Digital hard drives;

f.   Blu-Ray disk;

g.   Seagate hard drive; and

h.   Computer tower with a Seagate hare drive.

The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.    **ELEMENTS:**

As to Counts I, II, III, and IV, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual bases are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct, and (3) those images are contained on material that has been transported in interstate commerce.

4.    **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

**2014 Investigation**

On December 2, 2013, Microsoft reported to the National Center for Missing and Exploited Children (NCMEC) that on that same date, a person with username "Darrin Winterberg" and the email address darrinwinterberg@yahoo.com uploaded child pornography from a certain IP address. The IP at that time was registered to Darrin Winterberg at 42 S. Schueter Avenue, which is located in the Eastern District of Missouri. One of the images

3

uploaded was "mar34029.jpg," a graphic image file that depicts, in part, a male touching the genital area of prepubescent minor female with a white substance near her vagina.

Det. Amy Erwin of the St. Louis County Police Department applied for and received a valid search warrant for defendant's residence. The search warrant was lawfully executed on March 19, 2014. Defendant was not home at the time the search warrant was executed, so Det. Erwin contacted him at his place of employment. Defendant agreed to meet the officers at his residence.

Once at the residence, defendant agreed to talk with the officers inside an unmarked police car. During the recorded interview, defendant said that he had internet service and possessed a single computer. He also admitted that his email address was "darringwinterberg@yahoo.com." Defendant then agreed to go to police headquarters to be interviewed.

Once at police headquarters, during another recorded interview, defendant was advised of his *Miranda* rights and voluntarily and knowingly waived those rights. During the interview defendant admitted that he was the sole user of his Yahoo! Account and that the username was "Darrin Winterberg." He admitted that he had seen child pornography on the internet. He said he actively viewed child pornography on a weekly basis for the past two years. He admitted that he downloaded the child pornography and sometimes saved the child pornography files to CDs. He was also shown some of the images that were reported to NCMEC, including "mar34029.jpg" (described above). Defendant admitted that he previously viewed the image but denied uploading it to his Yahoo! Account.

As defendant was being interviewed, other officers executed the search warrant and seized various items pursuant to the search warrant. One of the items seized was a Blu-Ray Disk.

4

This item was subsequently forensically analyzed and found to contain over 6,000 files of child pornography, including, but not limited to:

a. "(29).AVI," a graphic video file that depicts, in part, a minor male masturbating another minor male and preforming oral sex on the minor male;

b. "(Mylola.avi," a graphic video file that depicts, in part, a minor female in a lascivious display of her genitals;

c. "00032.avi," a graphic video file that depicts, in a part, a bound minor male masturbating; and

d. "mar34029.jpg," a graphic image file that depicts, in part, a male touching the genital area of prepubescent minor female with a white substance near her vagina.

**2020 Investigation**

Microsoft reported to NCMEC that on October 30, 2019, child pornography was uploaded from to One Drive from a certain IP address. The case was referred to the St. Louis County Police Department. They were able to determine that at the time the child pornography was uploaded, the IP address was assigned to Darrin Winterberg at 42 S. Schuleter Avenue, which is located in the Eastern District of Missouri. Det. Andrew Lucca, a detective assigned to the St. Louis County Police Department, applied for and received a valid search warrant to search the residence.

On July 2, 2020, the search warrant was lawfully executed at defendant's residence. The defendant was at his residence at the time the search warrant was executed. Det. Lucca asked the defendant if he could interview the defendant in his police vehicle, and the defendant agreed. Once inside the vehicle, during a recorded interview, defendant was advised of his *Miranda* rights and knowingly and voluntarily waived those rights. Defendant admitted that he had a desktop computer in the kitchen, and had a Samsung cell phone in residence as well. Det. Lucca

5

brought up the 2014 investigation. Defendant responded that he believed he had child pornography under control when he would see a therapist, but admitted viewing it since then. Defendant said he had been viewing child pornography for about the last year. He said he searches for it for child pornography to look at. When asked what his preference in child pornography was, defendant responded, "just young." Defendant then clarified that he liked the children to be in their teens. Eventually, defendant requested an attorney and all questioning stopped.

Det. Lucca explained that a dog (Ike) who could detect electronics would be deployed in defendant's residence. Defendant volunteered that he would show Det. Lucca where his electronics were hidden. Once inside the residence, defendant pushed his foot on the base of a kitchen cabinet revealing several electronic items: a tablet computer, five flash drives, and two Western District external drives. Officers seized those items as well as a Samsung Note cell phone and a Computer tower containing a Seagate hard drive.

The seized items were forensically analyzed. The green Lexar 64GB thumb drive contained 147 image files and 321 video files of child pornography, including the following:

    a. "!MG_7843.MPG," a graphic video file that depicts, in part, a minor male masturbating and later depicts a male masturbating and inserting his finger into the anus of the minor male;

    b. "8yo Daddy's Little Girl fucking daddy.mpg," a graphic video file that depicts, in part, a male engaging in sexual intercourse with a prepubescent minor female; and

    c. "ass12.mpg," a graphic video file that depicts, in a part, a minor male inserting an object into his anus.

The purple Lexar thumb drive with the word "Darrin" written on it contained 4 image files and 1 video file of child pornography.

6

The 512 GB PNY thumb drive contained 29 image files and 278 video files of child pornography, including some that depicted bondage. The files on the PNY thumb drive included the following:

a. "DSC (46).jpg," a graphic image file that depicts, in part, a male digitally penetrating a bound minor's genitals;

b. "10yo Billy Jerk Suck.mpg," a graphic video file that depicts, in part, two minor males engaging in oral sex; and

c. "12 Year Old Friend Sleepover.mpg," a graphic video file that depicts, in a part, two minor males masturbating.

The Western Digital hard drive (SN: 7HK44VJH) contained 12,976 image files and 3,537 video files of child pornography, including the following files:

a. "blind folded.mpg," a graphic video file that depicts, in part, a male inserting his penis into a prepubescent minor's mouth whose eyes are covered;

b. "blindfold.mp4," a graphic video file that depicts, in part, a male inserting his penis into the mouth of a blindfolded minor female; and

c. "Blindfolded BJ (1).wmv," a graphic video file that depicts, in a part, a male ejaculating into a minor's mouth.

The other Western Digital hard drive contained 2,291 image files and 2 video files of child pornography. The Seagate hard drive that was located in the desktop computer contained 2,291 image files and 3 video files of child pornography.

All the devices (thumb drives, hard drives, and computers), were produced outside the State of Missouri and traveled in interstate commerce. The images and videos were downloaded from the internet. The internet is a means and facility of interstate commerce and foreign. Some of the videos and images depicted prepubescent minor children engaged in sexually explicit

7

conduct, and some portrayed children involved in sadistic or masochistic conduct, or other acts of violence. Defendant viewed more than 600 images of child pornography, where each video is considered to be the equivalent of 75 images.

**5.**     **STATUTORY PENALTIES:**

The defendant fully understands that for each count charged, the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than **life** years and not less than five years.

The defendant understands that the Court may impose the sentences to run consecutively (one after the other), or concurrently (at the same time).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than: $17,000.00 if convicted of 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5), regarding the possession of, or access with intent to view, child pornography.

**6.**     **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

    **a.**     **Chapter 2 Offense Conduct:**

    **(1)**     **Base Offense Level:** The parties agree offenses group and that the base offense level is 18, as found in Section 2G2.2(a)(1).

8

(2)     **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

      (a)     two (2) levels should be added pursuant to Section 2G2.2(b)(2), because the offense "involved a prepubescent minor or a minor who had not attained the age of 12 years,"

      (b)     four (4) levels should be added pursuant to Section 2G2.2(b)(4), because "the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence,"

      (c)     two (2) levels should be added pursuant to Section 2G2.2(b)(6), because "the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt or distribution of the material, of for accessing with intent to view the material,"

      (d)     five (5) levels should be added pursuant to Section 2G2.2(b)(7)(D), because the offense involved "600 or more images" of child pornography.

**b.     Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

     **(2)**   **Other Adjustments:** The parties agree that the following additional adjustments apply: none.

     **c.**   **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is twenty-eight (28). The parties further recommend to the Court that it grant a two level downward variance.

     **f.**   **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

     **g.**   **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein, except as provided in Section 11, below. However the Government reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7.**   **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

     **a.**   **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

10

        **(1)**      **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

        **(2)**      **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

    **b.**      **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c.**      **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

11

      **a.**    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

      **b.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

      **c.**    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

      These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

     **d.**    **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $400, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

     Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography).

     The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

     **e.**    **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

     **f.**    **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to

13

all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count of conviction is $3000 for crimes occurring on and after December 7, 2018.

       **g.**    **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following:

      a.    black 32 GB thumb drive;

      b.    green Lexar 64GB thumb drive;

      c.    purple 16 GB Lexar thumb drive;

      d.    512GB PNY thumb drive;

      e.    two Western Digital hard drives;

14

f.      Blu-Ray disk;

g.      Seagate hard drive; and

h.      Computer tower with a Seagate hare drive.

The defendant agrees the Court may enter a consent preliminary order of forfeiture any time

before sentencing, and such Order will become final as to the defendant when it is issued and

will be part of the sentence.  The defendant agrees not to object to any administrative, civil, or

criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute

any documents and take all steps needed to transfer title or ownership of said assets to the

Government and/or to rebut the claims of nominees and/or alleged third party owners.  The

defendant knowingly and intelligently waives all constitutional, statutory, and equitable

challenges to any forfeiture carried out in accordance with this plea agreement, including but not

limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9.      **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his

rights, including but not limited to: the right to plead not guilty to the charges; the right to be

tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to

suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

require the Government to prove the elements of the offenses charged against the defendant

beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right

to be protected from compelled self-incrimination; the right at trial to confront and cross-

examine adverse witnesses; the right to testify and present evidence and the right to compel the

15

attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to

16

the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

17

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

9.14.2022
_____
Date

ROBERT F. LIVERGOOD
Assistant United States Attorney

9-14-2022
_____
Date

DARRIN G. WINTERBERG
Defendant

9/54/22
_____
Date

J. MARTIN HADICAN
Attorney for Defendant

18